UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY ORTEGA, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>WATERFORD COUNTY SCHOOL, INC.,<br><br>　　　　　　Defendant. | Case No. 3:24-cv-01334-MPS |

## FINAL APPROVAL ORDER

This matter comes before the Court on Plaintiff's Motion for Final Approval of the proposed class action Settlement with Defendant Waterford Country School, Inc. ("Defendant"). Having considered all papers filed and arguments made with respect to the Settlement, and having provisionally certified a Settlement Class, the Court hereby FINDS as follows:

1.　　　This case is a Class Action litigation against Defendant Waterford Country School, Inc.. The Class is defined as follows:

> All persons in the United States who were notified that their Private Information was potentially exposed to unauthorized third parties as a result of the Waterford Country School, Inc. Data Incident allegedly discovered by Defendant on August 8, 2024.

2.　　　The Settlement Class specifically excludes: Defendant and Defendant's parents, subsidiaries, affiliates, officers, and directors and any entity in which Defendant has a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state, or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsel, and/or

1

subdivisions, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

3. Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement and the Preliminary Approval Order, is appropriate pursuant to Federal Rules of Civil Procedure Rule 23(a), and (b).

4. Notice to the Settlement Class required by Fed. R. Civ. P. Rule 23(e) has been provided in accordance with the Settlement Agreement and the Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner, constitutes the best notice program practicable under the circumstances and satisfies Fed. R. Civ. P. Rule 23(e) and due process.

5. The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

6. The Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate to the members of the Settlement Class, in light of the complexity, expense and duration of litigation, and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

7. The relief provided in the Settlement constitutes fair value given in exchange for the release of claims.

8. There were no objections to Settlement. No Settlement Class Members have opted out.

9. The parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10. It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order, should be presented exclusively to this Court for resolution.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

11. The Settlement Agreement submitted by the parties for the Settlement Class is approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed Settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

12. Judgment is hereby entered in favor of the Plaintiff, on the terms set forth in the Settlement Agreement.

13. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

14. Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims against the Released Parties.

15. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this Settlement, including the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each Settlement Class Member for any suit, action, proceeding or

dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. Upon consideration of Class Counsel's application for fees and costs, the Court awards $80,000 as reasonable Attorneys' Fees and reimbursement for litigation fees in the amount of $4,493.67 to be paid by Defendant. Furthermore, Settlement Administrator Apex Class Action, LLC, is awarded $21,990, to be paid by Defendant.

17. Upon consideration of the application for individual service awards, Representative Plaintiff is awarded the sum of $5,000 to be paid by Defendant, in consideration for the service he has performed for, and on behalf, of the Settlement Class.

18. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and hereby directs the Clerk to enter final judgment forthwith.

**IT IS SO ORDERED.**

Date: December 8, 2025      _____/s/_____
                            Hon. Michael P. Shea
                            Chief United States District Judge